<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

|  |  |
|---|---|
| FRANK BELLEZZA : : | |
| Plaintiff, : v. : : : : : | Civil No. 05-2180 (DMC) |
| FLAGHOUSE INC. : : Defendant. : : : | **OPINION** |

**APPEARANCES**:

    FRANK BELLEZZA, 97-A-4585, A-M-17, Plaintiff <u>Pro</u> <u>Se</u>
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, New York 10562-5442

<u>CAVANAUGH,</u> District Judge

    Plaintiff Frank Bellezza ("Bellezza"), a prisoner confined at Sing Sing Correctional Facility in Ossining, New York ("Sing Sing"), seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915 (1998).  This Court will (1) grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; and (4) direct the institution having custody of the Plaintiff to forward payments from Plaintiff's institutional account to the

Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation. See 28 U.S.C. §1915 (a), (b) (1), (b) (2), (b) (4).

Pursuant to 28 U.S.C. §§ 1915 (e) (2), the Court has reviewed the Complaint to identify cognizable claims. The Court will dismiss the Complaint for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff brings this action seeking damages of $268.20, and costs and fees for alleged violations of his rights secured by the Constitution and laws of the United States. Defendant is Flaghouse, Inc., apparently a New Jersey Corporation located in Hasbrouck Heights, New Jersey. (Compl., ¶ 3.)

Plaintiff asserts the following facts: On or about November 15, 2004, he placed an order to Defendant from New York through the U.S. mail through his brother, and forwarded acash payment. (Compl., ¶ 4.) According to Plaintiff, the order was never filled, despite his subsequent submission of two follow-up letters. (Id.) Plaintif then sent a third letter on or about February 25, 2005, which he claims resulted in "the defendant having the facility holding me in custody charge me with extortion, lying, and false statements." (Id.)

## II. DISCUSSION

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a) (2); accord Leatherman v.

Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000).  "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  "When it appears

3

beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Based upon the Plaintiff's assertions the Court will construe the Complaint as raising breach of contract and fraud claims with respect to an interstate purchase order of materials. The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) is warranted.

B. Subject Matter Jurisdiction

Plaintiff has asserted subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (2001), the federal question statute. (Compl., Statement of Jurisdiction.) For most routine civil litigation, federal subject-matter jurisdiction exists only when a federal question is at issue, or when there is diversity of citizenship between the parties. For federal question jurisdiction to exist, the action must arise under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331, supra. For diversity jurisdiction to exist, the controversy must be between citizens of different states, or citizens of a state and citizens or subjects of a foreign state, and must also exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a) (2001). Ratcliff v. Southern C/P/D, Inc., 2002 WL 32075773, *2-3 (E.D.Tex.) to  2002 WL 32075773, *3 (E.D.Tex.June 21,2002) aff'd, 64 Fed.Appx. 417 (5th Cir.2003). See also Herbst v. Viglianco, 1999 WL 362960, *4 (S.D.N.Y.May 26, 1999) quoting 13B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3562 (1984) ("[F]or federal question jurisdiction to exist, the federal law must be a direct element in the plaintiff's claim and ... it is not enough that it comes in remotely or

indirectly. This explains, for example, ... those cases holding that a suit on an agreement between private parties does not raise a federal question merely because the agreement was authorized by federal law or some federal agency has approved the agreement.").  Moreover, the "[t]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." <u>Stafford v. Mobil Oil Corp.</u>, 945 F.2d 803, 804 (5th Cir.1991).

     Applying these principles to the case at bar, Plaintiff has simply failed to meet his burden of establishing federal jurisdiction.  He has asserted no violation of a federal right, and his claim for $268.20 is below the amount in controversy requirement required for the establishment of diversity jurisdiction.  The Court will, therefore, dismiss the Complaint for lack of federal subject matter jurisdiction.

## CONCLUSION

     Based upon the foregoing discussion, the Court will grant <u>in forma pauperis</u> status and dismiss the Complaint.

     An appropriate Order accompanies this Opinion.

      S/   Dennis M. Cavanaugh  
**DENNIS M. CAVANAUGH**  
**UNITED STATES DISTRICT JUDGE**

**Dated:     May 3   , 2005**